**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES C. BARNUM,

      Plaintiff-Appellant,

v.

ROGER HILFIGER; JAY COOK;
JAMES WALTERS; LARRY
MOORE; ROBIN ADAIR; and MIKE
NORMAN,

      Defendants-Appellees.

No. 09-7061
(D.C. No. 6:09-CV-138-RAW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

James C. Barnum alleges that an Oklahoma state judge, two state

prosecutors, and two of his own private attorneys conspired to pretend that he

consented to the plea agreement under which he was sentenced to a year's

probation, when in fact he had not. He also alleges that a second judge, along

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with a prosecutor, coerced him into paying court costs he should not have had to pay. Mr. Barnum filed this action *in forma pauperis* seeking damages as well as declaratory and injunctive relief under 42 U.S.C. § 1983. In a thorough opinion, the district court explained that the judges and prosecutors named as defendants were immune from suit because Mr. Barnum challenges their official actions, and that Mr. Barnum's private lawyers did not act under color of law as § 1983 requires. It therefore exercised its authority under 28 U.S.C. § 1915(e)(2) to dismiss this suit on its own motion for failure to state a claim on which relief may be granted.

Mr. Barnum now appeals. Because he is a *pro se* litigant, we have afforded Mr. Barnum's pleadings and other papers a solicitous construction. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Even doing so, however, we have concluded the district court's disposition was correct for substantially the reasons given by Judge White in his opinion. In so concluding, we note but need not reach what may pose yet an additional hurdle to the relief Mr. Barnum seeks: the bar imposed by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), against § 1983 lawsuits that are premised on the invalidity of, and tend to undermine, a criminal conviction.

The district court's judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge